# *David Moffat administrator of Robert [*489 Moffat *against* Israel Israel.

Action for money had and received, will not lie against a sheriff for improperly paying over money, while his vendee who would rescind the contract holds the title of the lands.

MOTION to take off nonsuit, had before Mr. Justice BRACKEN-RIDGE at *Nisi Prius* on 23d November last.

He now reported the evidence given in the cause.

The suit was *indebitatus assumpsit* for money had and received by the defendant, to the use of the intestate, under the following facts. On the 25th November 1801, Robert Moffat purchased a lot of ground in Southwark, which was sold by the defendant as sheriff of Philadelphia county, for $130. The sale was held under executions issued at the suit of Peregrine H Wharton against the administrators of John Bailey. The purchaser paid the money on the day of sale, obtained the sheriff's deed and took possession of the lot. After the sale and before the money was paid over by the sheriff, he was informed that this lot, with three other lots, had been mortgaged by Bailey and his wife to Malcolm M'Nair on the 13th June 1796, to secure the payment of 112l. and interest, and that the same was prior to Wharton's judgment; but it did not appear, that at the time of the sale, the defendant knew of this mortgage, or gave any notice of it when he made the sale under the execution. Some short time after, the defendant paid over the money to the attorney of Wharton. A *scire facias* was afterwards sued out upon the mortgage against the terre-tenants to September term 1804, and the present suit was brought against the sheriff to September term 1805, to recover back the money paid him.

Mr. S. Levy for the plaintiff, insisted, that the sheriff was bound by the duty of his office, to examine the public offices, in order to ascertain the incumbrances on the real estates he was about to sell, and to advertise accordingly.

The purchaser is not bound to search the records; the sheriff at his risque must apply the money arising from the sales to those incumbrances, which were prior in time. If the property of goods which he has levied on be disputed, he may move that

the proceedings against him may be stayed, till the right be tried between the contending parties, or one of them has given him a sufficient indemnity.     Tidd 398 (741.)

A sheriff having two executions in his hands, levies and sells under the second execution, he is liable to both parties.     1 T. R. 729, 732.     A suit would well lie against the defendant, before any recovery had on the mortgage.     He was guilty of deceit in *490] *paying over the money wrongfully, after he had received notice of the mortgage; but it is competent to the injured party to waive the tort, and bring an action for money had and received.     Cowp. 419.

Messrs. T. Ross and Condy, for the defendant, denied that the sheriff was more bound to look into the incumbrances of lands under execution than purchasers.     Every man buys lands at a sheriff's sale at his own risque.     The sheriff is not bound to warrant the title he is selling; nor has he it in his power to exempt the lands from mortgages prior to the judgment, under which he is selling.     Suppose a mortgage fraudulently given, to save the land from creditors, it will not be expected, that the sheriff is to decide on that question.     But would a suit for money had and received, lie against the sheriff under the circumstances of this case?     If it lies at all, it should have been brought against the plaintiff in the execution, who has received the money, as it is said, under an indemnification.     Here has been no evidence of a recovery of the mortgage money.     It may be, that the same is fully satisfied, and the purchaser may have it in his power to shew it by full proof.     If any suit would lie against the defendant it must be for misfeasance in his office.     Besides, the intestate bought but one lot of the four lots mortgaged, and the other lots are liable to contribution, supposing the mortgage to be really due.     At all events, a purchaser, while he holds the title of the lands sold in his own hands, cannot bring a suit to recover back the money he has paid, without in the first instance tendering a re-conveyance to the vendor.

The chief justice, after stating the case, delivered the opinion of the court.

A good deal has been said during the argument, concerning the duty of a sheriff to give notice of incumbrances, and to apply the proceeds of the sale to the payment of the liens on the land, whether by judgment or mortgage according to their respective priorities.     The court deem it unnecessary to give any opinion on these points; because independent of any thing of that kind, there was sufficient cause for nonsuiting the plaintiff.

If the plaintiff can recover in this action, it must be, because equity demands, that the defendant should refund the money which he paid to Peregrine H. Wharton, instead of applying it as he ought to have done, to the discharge of the mortgage. But a decisive objection to the plaintiff's claim, is, that it would be against all equity, that he should get back his money, and at

the same time keep the land. He ought to have tendered to the defendant, a re-conveyance, to be delivered on payment *of the money. He cannot be allowed to affirm and avoid [*491 the contract at the same time. The court are therefore of opinion, that the motion to take off the non-suit, be rejected.